UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BARBARA MIDDLETON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12-CV-1358-JAR |
| ) | |
| CONTRACT TRANSPORT, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Remand to State Court [ECF No. 13]. The matter is fully briefed and ready for disposition. For the reasons set forth below, the motion will be granted.

**Background**

On July 3, 2012, Plaintiff filed suit against Contract Transport, Inc., in the Circuit Court of the City of St. Louis seeking compensation for personal injuries suffered in a motor vehicle accident resulting from Defendant's alleged negligence. Defendant removed this action to this Court on July 31, 2012, based on diversity jurisdiction. On August 9, 2012, Plaintiff moved to remand on the grounds that the case does not qualify for jurisdiction under § 1332, and specifically because the amount in controversy does not exceed $75,000. In support of her motion to remand, Plaintiff's counsel submitted an affidavit swearing under oath that Plaintiff agreed not to seek in excess of $75,000, exclusive of interest and costs. (Doc. No. 13-1). Defendant opposes Plaintiff's motion, arguing the affidavit is insufficient because it is signed by Plaintiff's counsel, not Plaintiff herself.[1] In addition, Defendant argues that because the affidavit

---

[1]Generally, courts require that an affidavit establishing that plaintiff seeks less than the jurisdictional amount be signed by the plaintiff. See Powell v. Keeling, No. 4:1CV795RWS, 2010 WL 2710500 (E.D. Mo. July 7, 2010); Neighbors v. Muha, No. 05-472-CV-W-GAF,

only indicates that Plaintiff will not "seek" an amount in excess of $75,000, it fails to establish to a legal certainty that her claim is for less than the jurisdictional minimum. In further support of her motion for remand, Plaintiff has submitted an affidavit which she has signed clarifying that she agrees to be bound by her promise not to seek or ask for an amount of damages in excess of $75,000, exclusive of interest and costs, after the case is remanded to state court. (Doc. No. 15-1, ¶ 3). Moreover, Plaintiff avers that in the event a jury entered an award in her favor in excess of $75,000, exclusive of interest and costs, she will accept the sum of $75,000 in full satisfaction of that judgment. (Id.).

With the filing of Plaintiff's affidavit, the Court finds Plaintiff has addressed the concerns raised by Defendant in its opposition to the motion for remand and will, therefore, grant the motion for remand.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Remand to State Court [13] is **GRANTED**, and this case is remanded to the Circuit Court of the City of St. Louis, State of Missouri. An appropriate Order of Remand will accompany this Order.

Dated this 23rd day of August, 2012.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

---

2005 WL 2346968 (W.D. Mo. Sept. 26, 2005).